UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARRELL ROGERS,

                               Petitioner,                    DECISION AND ORDER

-vs-

                                                    17-CV-6597 (CJS)

THOMAS GRIFFIN,

                               Respondent.
_____

Petitioner Darrell Rogers[1] ("Rogers") filed *pro se* the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction by plea in New York Supreme Court, Erie County for rape in the first degree, predatory sexual assault, and robbery in the first degree. Plea Hr'g Tr., 2:21–25, May 16, 2011. He contends that his plea was not voluntary, intelligent, or knowing; that he received the ineffective assistance of counsel; and that he is actually innocent. Pet., Aug. 28, 2017, ECF No. 1. Respondent Thomas Griffin opposes the petition. Resp., Mar. 5, 2018, ECF No. 6. For the reasons discussed below, Rogers' petition [ECF No. 1] is denied. The Clerk of Court is directed to close this case.

BACKGROUND

Between late 2009 and early 2010, Rogers was indicted for three counts of rape in the first degree, three counts of predatory sexual assault, and one count of robbery in the third degree. Erie County Indictment Nos. 02958-2009, 00083-2010. On May 16, 2011, Rogers pled guilty to one count of rape in the first degree, one count of predatory sexual assault, and one count of robbery in the first degree. Plea Hr'g Tr. at 2:19–3:7. In exchange, the prosecution dismissed the other counts against Rogers, and agreed not to bring charges regarding an

---
[1] Rogers also goes by the aliases Trameil Green, Marcus Truitt, and Alfred Parker.

additional rape allegation that arose after his second indictment. Plea Hr'g Tr. at 3:7–14. At the plea hearing, the trial court conducted the following colloquy with Rogers:

> THE COURT: Have you had enough time to talk to [your attorney] before deciding to enter into these pleas of guilt?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Anybody forcing you or coercing you in an attempt to make you plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: You understand that you have a right to a trial with respect to these matters? If you wanted to, you could accompany [your attorney] in this courtroom, assist him in selecting a jury and putting [the prosecution] to their proof and then you could let a jury decide whether you're guilty or not guilty? Do you understand you have those rights?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you know that by pleading guilty you're waiving those rights?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that your plea of guilt is the same thing as a conviction after a trial?
>
> THE DEFENDANT: Yes.
>
> * * * *
>
> THE COURT: Okay. Now, also as a condition of this plea, sir, you're waiving your right to appeal. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Anybody forcing you to do so?
>
> THE DEFENDANT: No.
>
> THE COURT: Have you had enough time to talk to [your attorney] about that?
>
> THE DEFENDANT: Yes.
>
> * * * *

THE COURT: All right. Well, sir, I can't accept your pleas of guilt unless you are in fact guilty. Under the 2010 indictment, the seventh count thereof, do you admit that on or about the 10th day of October, 2009, in Erie County, you engaged in sexual intercourse with [Victim 2] by forcible compulsion, having engaged in conduct constituting rape in the first degree, in violation of Penal Law Section 130.35 sub 1, against one or more persons; that is, [Victim 1]? Do you admit to that, sir?

THE DEFENDANT: Yes.

THE COURT: Therefore, how do you plead to the charge of predatory sexual assault, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: With respect to the first count of that indictment, do you admit that on or about the 8th day of August, 2009, in Erie County, you engaged in sexual intercourse with [Victim 3] by forcible compulsion? Do you admit to that, sir?

THE DEFENDANT: Yes.

THE COURT: Therefore, how do you plead to the charge of rape in the first degree, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: The Court accepts your pleas on that indictment. With respect to the 2009 indictment, do you admit that on or about the 10th day of November, 2009, in Erie County, you forcibly stole certain property; that is a sum of money from [Victim 4], and in the course of the commission of the crime or immediate flight therefrom, you used or threatened the immediate use of a dangerous instrument; that is, a sharp object? Do you admit to that, sir?

THE DEFENDANT: I don't even know that girl.

THE COURT: Do you admit to that, sir?

THE DEFENDANT: Guilty.

THE COURT: All right. Do you admit to that conduct, sir?

THE DEFENDANT: Yes.

THE COURT: Therefore, how do you plead to the charge of robbery in the first degree, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: All right. The Court accepts your plea with respect to that indictment.

Plea Hr'g Tr. at 4:12–9:21. Thereafter, Rogers was sentenced to an indeterminate prison term of 17 years to life on the predatory sexual assault charge, and determinate prison terms of 17 years on the rape and robbery charges, all to run concurrently. Sentencing Hr'g Tr.,17:21–18:24, Nov. 21, 2011.

Rogers filed a direct appeal and argued, among other things, that his plea was not voluntary, intelligent or knowing because he was given erroneous advice by his counsel and because he was under the influence of psychotropic medications. *People v. Green*, 17 N.Y.S.3d 807 (N.Y. App. Div. 2015); *People v. Rogers*, 17 N.Y.S.3d 360 (N.Y. App. Div. 2015). He also maintained that he was denied the effective assistance of counsel when his attorney refused to incorporate his arguments into his sentencing memorandum, and took a position adverse to Rogers at the sentencing hearing. *Id.* The Appellate Division rejected Rogers' arguments and affirmed his conviction and sentence. *Id.* He was denied leave to appeal to the New York Court of Appeals. *People v. Green*, 60 N.E.3d 1206 (2016).

In May 2013, Rogers moved the trial court pursuant to Criminal Procedure Law ("CPL") § 440.10 to vacate the judgment against him on the grounds of ineffective assistance of counsel. State Court Record (Ex. D), Mar. 5, 2018. In support of his motion, Rogers argued that counsel had failed to consult with him on such important decisions as whether to waive a Wade-Huntley hearing; that counsel had failed to obtain surveillance footage that would have exonerated Rogers; that his plea was involuntary because his counsel had threatened him with life without parole[2]; that the medication he was on at the time of his guilty plea clouded his decision-making

---

[2] Specifically, Rogers states that when he began to dispute the robbery charge during his plea hearing, his counsel leaned over to whisper to him that, "you have to plea[d] guilty to the robbery or the D.A. will give you life without parole." State Record (Ex. D) at 4.

4

and understanding of the questions asked of him; that he was innocent of the robbery in the first degree charge, but that his counsel did not properly defend his case; and that counsel did not submit the proper argumentation with Rogers' motion to withdraw his plea. *Id.* The trial court denied Rogers' motion and accompanying affidavit, finding that he failed both to eliminate the presumption of regularity in the case, and to show that his plea was not intelligent, knowing and voluntary. *Id.* (citing *People v. Sessions*, 313 N.E.2d 728 (N.Y. 1974). The trial court also concluded that "[i]t is apparent from the record that the defendant was provided with capable and competent counsel who pursued effective representation through all stages of the proceedings." *Id.* It is not clear whether Rogers appealed the trial court's decision on his CPL § 440.10 claim.

On August 28, 2017, Rogers filed *pro se* the instant habeas petition, maintaining that his Fifth, Sixth, and Fourteenth Amendment rights were violated by the trial court. Specifically, Rogers argues that the trial court erred when it denied his request to withdraw his plea because his plea was not knowing, intelligent, and voluntary; that he received the ineffective assistance of counsel; and that he was actually innocent. Pet. at 25–33. Respondent opposes the petition, and requests that Rogers' petition be dismissed. Resp. Mem. of Law, Mar. 5, 2018, ECF No. 6.

LEGAL STANDARD

Rogers brings his habeas corpus petition pursuant to 28 U.S.C. § 2254. The general legal principles applicable to such a claim are well-settled. Federal courts are obliged to give deference to state courts' decisions. *See Chrysler v. Guiney*, 806 F.3d 104, 117 (2d Cir. 2015) (citing The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214). "First, the exhaustion requirement ensures that state prisoners present their constitutional claims to the state courts in the first instance." *Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014). "Should the state court reject a federal claim on procedural grounds, the procedural

5

default doctrine bars further federal review of the claim, subject to certain well-established exceptions." *Id.* (citing *Wainwright v. Sykes*, 433 U.S. 72, 82–84 (1977)). For claims adjudicated on the merits in state court, a federal court may issue a writ of habeas corpus only when the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . ." *Chrysler*, 806 F.3d at 117 (quoting 28 U.S.C. § 2254(d)(1)).

A principle is "clearly established Federal law" for § 2254 purposes when it is embodied in a Supreme Court holding framed at the appropriate level of generality. *Washington v. Griffin*, 876 F.3d 395, 403 (2d Cir. 2017) (quoting, *inter alia*, *Thaler v. Haynes*, 559 U.S. 43, 47 (2010)), *cert. denied*, 138 S. Ct. 2578. A state court decision is "contrary to" such clearly established law when the state court either has arrived at a conclusion that is the opposite of the conclusion reached by the Supreme Court on a question of law, or has "decided a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Washington*, 876 F.3d at 403 (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). An "unreasonable application" of such clearly established law occurs when the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case such that "the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Washington*, 876 F.3d at 403 (citation omitted).

## DISCUSSION

After a review of the answer, and the transcripts and records of the state court proceedings, in accordance with Rule 8 of the Rules Governing Section 2254 Cases, the Court finds that an evidentiary hearing is not necessary in this case. *See also* 28 U.S.C. § 2254(e)(2). Further, because Rogers is proceeding *pro se*, the Court has construed his submissions liberally,

"to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

<u>Rogers' Guilty Plea</u>

Rogers argues that the trial court erred when it did not allow him to withdraw his plea on the grounds that it was not knowing, intelligent, and voluntary because his counsel had misinformed him about the length of the prison sentence he potentially faced, and because he "was on mental health medication when [the] plea was given and was not in [his] naturally clear and alert state of mind." Pet. at 25–26. Respondent contends that both the state trial court and the state appeals court properly found that Rogers entered a valid plea. Resp. at 6–7.

As this Court has stated previously:

> When reviewing the propriety of a guilty plea, the court must consider the "totality of the circumstances surrounding" the entry of a plea. *See Brady v. United States*, 397 U.S. 742, 757 (1970). In *Oyague v. Artuz*, 393 F.3d 99 (2d Cir. 2004), the Second Circuit noted that "the question of whether a plea of guilty has been entered voluntarily within the meaning of the Constitution is often a complex one that involves mixed questions of law and fact[.]" *Oyague*, 393 F.3d at 104. When engaged in habeas review, federal courts are to accept factual determinations made by the state courts unless they are not supported by the record. *Id*. Because the ultimate issue of whether a plea represents an effective waiver of federal constitutional rights is controlled by federal law, federal habeas courts are not bound by the legal conclusions reached by the state courts as to whether a plea was voluntarily made by a defendant. *Id*.

*Hill v. West*, 599 F. Supp.2d 371, 383 (W.D.N.Y. 2009).

*Information About Possible Sentence*

Rogers claims that his plea was not knowing, intelligent and voluntary because he was misinformed of the time he would serve in prison following a plea of guilty. With his petition, Rogers has included a letter that his trial counsel submitted to the trial court. Pet. at 37 ("Ex. 3"). This letter indicates that his trial counsel mistakenly advised Rogers that his potential sentences of 18 years to life on the predatory sexual assault charge, and 18 years determinate on the rape

7

and robbery charges, would include time served following his arrest, such that he would have only approximately 17 years left to serve on his sentences. *Id.* However, as counsel subsequently learned, Rogers had not been detained pre-trial solely on the charges before the Court, but was actually serving a one year sentence imposed by a different court for an unrelated crime. *Id.* Rogers' counsel therefore recommended, and the trial court adopted the recommendation, that Rogers receive a sentence of only 17 years to life on the predatory sexual assault charge, and 17 years determinate on the rape and robbery charges. *Id.*

It is clearly established federal law that for a guilty plea to be considered knowing and voluntary, the trial court must advise a criminal defendant of the "direct consequences" of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). In the present case, the transcript of the plea hearing shows that the trial court specifically informed Rogers that for the predatory sexual assault charge, the law provides for a prison sentence of up to 25 years, but that "if you were to plead guilty . . . I would sentence you to no more than 18 years to life" on those counts. Plea Hr'g Tr., 5:9–18. Regarding the rape and robbery charges, the trial court told Rogers that "I could sentence you anywhere between five to 25 years, but I'm committing to a concurrent 18-year term." Plea Hr'g Tr., 6:16–18. After the trial court advised Rogers of his sentence, Rogers indicated he understood and proceeded to admit to rape, sexual assault, and robbery. Subsequently, the Court sentenced Rogers to 17 years to life on the predatory sexual assault charge, and 17 years determinate on the rape and robbery charges. Where the trial court clearly advised Rogers that the direct consequence of his plea was a sentence of at least 18 years on each of the counts to which he was pleading guilty, and where Rogers stated to the trial court that he understood those consequences, the Court declines to find that the trial court's sentence is contrary to clearly established federal law where Rogers was given a lesser sentence. *See, e.g., United States v. Westcott*, 159 F.3d 107, 113 (2d Cir. 1998) (finding harmless error where

a defendant "was warned of consequences to a guilty plea that were *greater* than those he eventually faced") (emphasis in original).

## Mental Capacity

With regard to Rogers' claim that he took his prescribed psychotropic drugs on the morning of the trial, and thus did not have the mental capacity to knowingly, intelligently, and voluntarily enter his plea, the appellate court reviewed the record and found that Rogers "'was by all indications perfectly lucid while the plea proceedings were in progress.'" *People v. Green*, 17 N.Y.S.3d 807, 809 (N.Y. App. Div. 2015) (citing *People v. Royster*, 835 N.Y.S.2d 732 (N.Y. App. Div. 2007); *People v. Lear*, 796 N.Y.S.2d 293 (N.Y. App. Div. 2005); *People v. McCann*, 733 N.Y.S.2d 804 (N.Y. App. Div. 2001)). Moreover, the state trial court, in denying Rogers' CPL § 440.10 motion, stated that:

> [A]n examination of the record reveals that this court engaged in a thorough, careful and thoughtful discussion with [Rogers] of the effects of pleading guilty and not going to trial. The record is further clear that this court fully discussed the constitutional principles involved in a guilty plea . . . .
>
> * * *
>
> . . . [A]t no stage in the proceedings did the defendant ever exhibit traits of incompetency or other aberrant behavior that would suggest he did not understand the proceedings. An examination of the plea transcript reveals that the defendant was lucid and coherent, asked questions of the court and responded appropriately to questions posed him by the court.

State Record (Ex. D) at 4–6.

As indicated above, federal courts engaged in habeas review are bound to accept factual determinations made by the state courts unless they are not support by the record. *Hill*, 599 F. Supp.2d at 383. After a thorough review of the record in the present case, the Court agrees with the state courts that there was no indication at the plea proceeding that Rogers lacked the mental capacity to enter knowingly, intelligently, and voluntarily into a valid plea agreement.

Consequently, the Court finds no grounds for habeas relief in his claims that his plea was not knowing, intelligent and voluntary.

Ineffective Assistance Claims

Through the course of the prosecution's proceedings against Rogers, he was represented by three attorneys. Sentencing Hr'g Tr. at 2:25. Rogers maintains that two of the attorneys – John J. Molloy, Esq. and Anthony LoTempio, Esq. – provided constitutionally deficient representation. Pet. at 25–28. Rogers argues that Attorney Malloy was ineffective because he provided improper advice prior to Rogers' plea regarding credit he would receive for time served, failed to inform him of the potential for a life sentence, and failed to obtain evidence that would have exonerated Rogers, such as testimony from a landlord of one of Rogers' alleged victims who could have provided testimony supporting the fact that Rogers had consensual sex with the alleged victim in exchange for crack. Pet. at 29. Rogers argues that Attorney LoTempio was ineffective because he submitted a motion to withdraw Rogers' plea on grounds which Rogers claims he did not agree with – namely, on the basis of Attorney Malloy's improper advice regarding credit for time served – and omitted Rogers' arguments regarding his limited mental capacity at the plea hearing.

The Sixth Amendment guarantees a criminal defendant the right to "reasonably effective assistance" of counsel. To establish ineffective assistance of counsel, a defendant must satisfy the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" under the "prevailing professional norms." *Vadas v. U.S.*, 527 F.3d 16, 20 (2d Cir. 2007) (citing *Strickland*, 466 U.S. at 688). Second, the defendant must demonstrate he was prejudiced by the ineffective conduct. *Strickland* at 687–88. A defendant's failure to satisfy one

prong of this two-pronged test relieves the court of any requirement to consider the other prong. *Strouse v. Leonardo*, 928 F.2d 548, 556 (2d Cir. 1991).

In the present case, the Court need not consider whether Rogers' attorneys' performance fell below an objective standard of reasonableness because Rogers fails to show prejudice. To demonstrate prejudice, the habeas petitioner must show there is a "reasonable probability" that but for counsel's error, the outcome of the proceeding would have been different. *Strickland* at 694. "[T]he question is not whether a court can be certain counsel's performance had no effect on the outcome . . . instead, [t]he likelihood of a different result must be substantial, not just conceivable." *Garner v. Lee*, 908 F.3d 845, 862 (2d Cir. 2018) (quoting *Harrington v. Richter*, 562 U.S. 86, 111–12 (2011)) (internal quotation marks omitted).

Rogers' claim that he was prejudiced by Attorney Malloy's inaccurate representation that his sentence would be credited with time served prior to his plea is without merit. As discussed above, the trial court clearly advised Rogers that the direct consequence of his plea was a sentence of at least 18 years on each of the counts to which he was pleading guilty, Rogers stated to the trial court that he understood those consequences, and the trial court gave Rogers a lesser sentence of 17 years to life on the predatory sexual assault charge, and 17 years determinate on the rape and robbery charges, largely because the trial court wanted to give Rogers the "benefit of the bargain" as he understood it. Sentencing Hr'g Tr. at 18:1–2. In other words, the trial court obviated any prejudice when it adjusted Rogers' sentence consistent with the Rogers' expectations based on the inaccurate information provided by Attorney Malloy.

Rogers' claim that Attorney Malloy failed to inform him of the potential for a life sentence is similarly without merit. As another court is this circuit has pointed out:

> A defendant's bald post-conviction claim that he would have done the opposite of what he did, had he been properly advised, is properly viewed with skepticism. *See Panuccio v. Kelly*, 927 F.2d 106, 109 (2d Cir. 1991) (prejudice prong of

11

> ineffective assistance inquiry, requiring petitioner to show he would have gone to trial if properly advised, not satisfied merely by petitioner's testimony to that effect, because a defendant's after-the-fact testimony "suffers from obvious credibility problems") (internal quotation marks omitted); *Torres–Cuesta v. United States*, No. 09–CV–91, 2010 WL 3928588, at *4 (E.D.N.Y. Sept. 30, 2010) ("Because a convicted defendant will always have a strong incentive to make a prejudice claim after conviction, courts are skeptical of self-serving, post-conviction testimony that but for the counsel's bad advice, the defendant would have pled guilty or gone to trial.") (internal quotation marks omitted); *cf. Raysor v. United States*, 647 F.3d 491, 495 (2d Cir. 2011) ("[t]o be sufficiently credible to justify a full hearing, [petitioner's statement that he would have accepted plea if properly advised] must be accompanied by some [supporting] objective evidence ....") (internal quotation marks omitted).

*Sinclair v. United States*, No. 10-CR-392 CS, 2013 WL 3716898, at *7 (S.D.N.Y. July 16, 2013). Rogers' bald assertion that he would not have taken the plea had Attorney Malloy informed him of the potential for a life sentence on the predatory sexual assault charge is belied by the transcript of the plea hearing. The transcript shows both that the trial court clearly informed Rogers of the sentences he would face with his plea, and that Rogers stated that he understood the sentences. Plea Hr'g Tr. 5:15-18.

The Court is also unpersuaded by Rogers' claims regarding Attorney Malloy's inadequate investigation. *See, e.g., Mallet v. Miller*, 432 F. Supp.2d 366, 388 (S.D.N.Y.2006) ("A claim of ineffective assistance cannot be supported by conclusory assertions alone. It is too easy for a defendant to claim after the fact, without supporting evidence, that he provided leads and information to his counsel that would have resulted in his exoneration if used."). While Rogers claims that Attorney Malloy could have located witnesses to testify that one of his victims was a "crack prostitute" and had consensual sex with him in exchange for crack, and that he could have located potentially exonerative video surveillance footage from a local gas station and the scene of the rape, he fails to offer any evidence that the outcome of his case would have been different at trial. Even had Attorney Malloy located the witnesses, Rogers claims only that they could have testified that his victim was a "crack prostitute," leaving the jury to make the inference

12

that the particular sexual episode with Rogers must have been consensual in exchange for crack, and this in the face of two other charges with grand jury testimony from two other women who testified to being raped in substantially the same way. Further, having never actually seen the video surveillance footage he alludes to, Rogers can only speculate that the footage existed and contained exculpatory material. Under these circumstances, Rogers cannot demonstrate a reasonable probability that, but for his attorney's failure to subpoena the tapes, the result of his trial would have been different. *See, e.g., McClain v. Inserra*, No. 10 CV 2303 RJD, 2013 WL 2395190, at *7 (E.D.N.Y. May 31, 2013).

Finally, the Court finds that Rogers' ineffective assistance claim against Attorney LoTempio is without merit because the state court has already made the determination that Rogers' claim is without a factual basis. On direct appeal, Rogers alleged that Attorney LoTiempo's representation was deficient for the same reasons he argues here. The state appellate court stated:

> Contrary to defendant's contention, he was not deprived of effective assistance of counsel at sentencing based on his attorney's refusal to incorporate the arguments raised by defendant at sentencing into the written motion to withdraw defendant's plea (*see e.g. People v Adams*, 66 AD3d 1355, 1356 [2009], *lv denied* 13 NY3d 858 [2009]; *People v Klumpp*, 269 AD2d 798, 799 [2000], *lv denied* 94 NY2d 922 [2000]). We also conclude that defense counsel did not take a position adverse to defendant at sentencing, or become a witness against him (*see People v Collins*, 85 AD3d 1678, 1679 [2011], *lv denied* 18 NY3d 993 [2012]; *cf. People v Lawrence*, 27 AD3d 1091, 1091-1092 [2006]). Indeed, we note that defense counsel urged the court to consider defendant's *pro se* arguments.

*Green*, 17 N.Y.S.3d at 807. A review of the sentencing transcript demonstrates that the state appellate court's determination was supported by the record. Sentencing Hr'g Tr. 10:9–23; *see also Hill*, 599 F. Supp.2d at 383.

Consequently, Rogers' claims of ineffective assistance of counsel must be denied.

13

Actual Innocence

Respondent reads Rogers' petition as potentially presenting a claim of actual innocence, too. "[C]oncern about the injustice that results from the conviction of an innocent person has long been at the core of our criminal justice system . . . ." *Schlup v. Delo*, 513 U.S. 298, 325 (1995). Nevertheless, "[t]he petitioner's burden in making a gateway showing of actual innocence is deliberately demanding." *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (citation and internal quotation marks omitted). A claim of actual innocence is rarely successful, and requires a petitioner to support of constitutional error with new evidence that is both reliable and compelling, and that was not presented at trial. *Schlup*, 513 U.S. at 325. A court reviewing an actual innocence claim in a habeas petition cannot make an independent judgment in light of the new evidence and existing evidence in the record of whether the petitioner is actually innocent, but rather must query "whether it is more likely than not 'that no reasonable juror would have found [the Petitioner] guilty.'" *Doe v. Menefee*, 391 F.3d 147, 163 (2d Cir. 2004) (quoting *Schlup*, 513 U.S. at 329–30).

Rogers falls woefully short of this evidentiary burden. He proffers no new evidence whatsoever, instead rehashing essentially the same arguments and assertions made to the state courts in numerous proceedings. Without new evidence, Rogers cannot support his claim of actual innocence, and the claim must be denied.

CONCLUSION

Based on the foregoing, it is hereby ORDERED that Rogers' application for habeas relief [ECF No. 1] is denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Rogers has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor

person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is hereby ordered to close this case.

SO ORDERED.

Dated: June 24, 2021
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge